UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN P. BUNYARD,

    Petitioner,

vs.

MIKE KNOWLES, Warden,

    Respondent.

No. C 03-1280 PJH (PR)

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

    This is a habeas case brought by a state prisoner. The court dismissed the case as barred by the statute of limitations, and the United States Court of Appeals for the Ninth Circuit affirmed. Petitioner was represented by counsel in this court and on appeal. Now without counsel, he has moved for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The motion is unopposed.

    A showing of "actual innocence" may be a way to avoid the habeas statute of limitations. *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying that unavailability of actual innocence gateway would raise serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA). Petitioner asserts now that there are very good grounds for his claim to be "actually innocent" and that his Rule 60(b)(6) motion should be granted because of counsel's "gross negligence" in failing to adequately argue the actual innocence claim in response to the court's order to show cause or in a Rule 60(b)(1) motion.

    Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after

the judgment was entered. Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Samish Indian Tribe v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted).

In *Community Dental Serv. v. Tani*, 282 F.3d 1164 (9th Cir. 2002), the Ninth Circuit held that a default judgment may be set aside under Rule 60(b)(6) when a movant shows that his or her attorney was grossly negligent. *Id.* at 1169. That is, gross negligence on the part of counsel can constitute "extraordinary circumstances" such as to allow relief under the "any other reason justifying relief..." provision of Rule 60(b)(6). *Id.* at 1170. On the other hand, in *Latshow v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006), the court distinguished *Tani* on grounds *Tani* involved a default judgment, and declined to reach the same result with respect to a Rule 68 judgment, a judgment which had been entered as a result of an offer of judgment and acceptance of that offer. *Id.* at 1103-04. It is undecided in this circuit whether the *Tani* rule would apply to a judgment such as the one here, which was entered as a result of the court's conclusion that the petition was barred by the statute of limitations. Rather than resolve that question, the court will assume for sake of this decision that the *Tani* rule applies and consider whether petitioner has shown gross negligence.

In its order dismissing the case the court said that ""in spite of his three opportunities to do so," petitioner had not "asserted [] factual innocence" or "demonstrated or suggested the existence of new evidence" to support his claim. "Instead, Bunyard merely reasserts

2

the same legal argument regarding the state law at issue, presented to and rejected by the California appellate courts on numerous occasions." Petitioner contends that his counsel was grossly negligent in not presenting and supporting the "actual innocence" claims which he details in the motion. Thus the question is whether those actual innocence claims have merit such that it was gross negligence by counsel not to raise them.

The *Majoy* court cited *Schlup v. Delo*, 513 U.S. 298 (1995), in support of its suggestion in dictum that there might be an "actual innocence" exception to the habeas statute of limitations. *Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002). In *Schlup* the Supreme Court limited the "miscarriage of justice" exception to procedural bars in habeas cases to those situations in which petitioners can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. *Schlup* thus provides the standard to be applied here:

> [I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

*Id.* at 316. The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329. As the Ninth Circuit has put it, "the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [p]etitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001). *See, e.g., Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir. 1997) (en banc) (petition qualified for gateway on a showing principally that the chief prosecution witness had confessed to the crime under oath in the postconviction court and that prosecution had failed to produce file disclosing that witness was a known liar).

///

1  "To be credible, such a claim requires petitioner to support his allegations of
2 constitutional error with new reliable evidence--whether it be exculpatory scientific
3 evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not
4 presented at trial."  *Schlup*, 513 U.S. at 324.  This does not mean a petitioner need always
5 affirmatively show physical evidence that he did not commit the crime with which he is
6 charged.  *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).  A petitioner may
7 pass through the *Schlup* gateway by promulgating evidence "that significantly undermines
8 or impeaches the credibility of witnesses presented at trial, if all the evidence, including
9 new evidence, makes it 'more likely than not that no reasonable juror would have found
10 petitioner guilty beyond a reasonable doubt.'"  *Id.* (quoting *Schlup*, 513 U.S. at 327).

11  Because such evidence obviously is unavailable in the vast majority of cases, claims
12 of actual innocence are rarely successful.  *Schlup*, 513 U.S. at 324; *see, e.g., Sistrunk v.*
13 *Armenakis*, 292 F.3d 669, 8674-75 (9th Cir. 2002) (en banc) (rejecting gateway claim
14 supported by impeachment evidence which did not fundamentally call into question the
15 reliability of petitioner's conviction); *Gandarela*, 286 F.3d at 1086 (rejecting gateway claim
16 supported by speculative and collateral impeachment evidence that did not contain any
17 direct information regarding the crime); *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000)
18 (rejecting gateway claim where petitioner's innocence claim was undermined by compelling
19 ballistic evidence and submitted affidavits containing conflicting versions of another
20 person's confession).

21  Petitioner presents two grounds for his actual innocence claim.  First, he contends
22 that his conduct was speech protected under the First Amendment, and second, he asserts
23 that he is factually innocent because the undisputed facts do not constitute an attempt to
24 commit a lewd and lascivious act.  The first of these contentions is a legal claim, not a claim
25 that he is "actually innocent," and thus does not qualify petitioner for the actual innocence
26 gateway.  *See Schlup*, 513 U.S. at 321 (actual innocence means that the petitioner is
27 innocent of the charge for which he is incarcerated, as opposed to legal innocence as a
28 result of legal error).  The second involves no new evidence, but simply rehashes the

4

consequences of the facts which were duly presented to the jury.  Petitioner has failed to demonstrate that there was evidence of his actual innocence which counsel would have presented to the court, whether in response to the order to show cause or in a Rule 60(b)(1) motion.

     Petitioner has not shown that his counsel was "grossly negligent," so his Rule 60(b)(6) motion (document number 25 on the docket) is **DENIED**.

     **IT IS SO ORDERED.**

Dated: July 26, 2007.

                                          PHYLLIS J. HAMILTON
                                          United States District Judge

G:\PRO-SE\PJH\HC.03\BUNYA280.RECON.wpd