UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN P. BUNYARD,

    Petitioner,

vs.

MIKE KNOWLES, Warden,

    Respondent.

No. C 03-1280 PJH (PR)

**ORDER DENYING MOTION TO RECONSIDER AND DENYING CERTIFICATE OF APPEALABILITY**

    This is a habeas case brought by a state prisoner. The court dismissed the case as barred by the statute of limitations, and the United States Court of Appeals for the Ninth Circuit affirmed. The mandate was entered on February 7, 2005. Petitioner was represented by counsel in this court and on appeal.

    On June 18, 2007, petitioner filed a pro se motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, contending that he was actually innocent (arguably a basis for avoiding the statute of limitations, *see Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002)), and that his counsel was "grossly negligent" in failing to make that argument. On July 26, 2007, the court denied the motion on grounds petitioner had not made a sufficient showing of actual innocence to establish his entitlement to relief under Rule 60(b)(6).

    On September 16, 2009, petitioner filed a motion to reconsider the July 26, 2007, ruling, and a notice of appeal. He contends that he did not receive notice of the July 26 ruling until August 25, 2009. The certificate of mailing on the July 26 ruling shows that it was mailed to petitioner's counsel, not to petitioner.

///

Petitioner's motion to reconsider is based entirely upon the court's failure to notify him of the ruling; he does not claim that the ruling itself was wrong. Use of a motion to reconsider in this way to extend the time to appeal is improper. *See In re Stein*, 197 F.3d 421, 425-27 (9th Cir. 1999) (Rule of Appellate Procedure 4(a)(6) is sole means of extending time when notice is not received; Fed. R.Civ.P 60(b) cannot be used to avoid limitations contained in Rule 4(a)(6)). The motion will be denied.

The sole means of extending the time to appeal because the appellant did not receive notice is that provided in Rule of Appellate Procedure 4(a)(6). *Id.* at 426. That rule does not permit extension of time to appeal for failure to receive notice unless the motion for an extension is filed within 180 days of entry of judgment or twenty-one days of receipt of notice, whichever is *earlier*. Fed. R.App.P. 4(a)(6). It thus would be futile to treat the motion to reconsider as a motion to extend the time to appeal, because it was filed long after expiration of the 180-day period.

Petitioner has filed a notice of appeal as well as the motion to reconsider. The notice was filed a bit less than two years after the ruling to which it is directed. In the absence of any way of extending the time for appeal, the notice of appeal appears to be untimely, but because that is a matter for the court of appeals, the court will consider whether a certificate of appealability should issue.

A petitioner filing a notice of appeal directed to denial of a Rule 60(b) motion in a habeas case, which is the situation here, must obtain a certificate of appealability ("COA") in order to appeal. *See Langford v. Day*, 134 F.3d 1381, 1383 (9th Cir. 1998). Although petitioner has not requested a COA, his notice of appeal will be treated as such a request. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

In the ruling on petitioner's motion to set aside judgment, this court assumed for purposes of the decision that a showing of "gross negligence" on the part of petitioner's counsel would entitle him to relief under Rule 60(b)(6). *See Community Dental Serv. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002) (default judgment may be set aside under Rule 60(b)(6) when a movant shows that his or her attorney was grossly negligent). In order to

2

succeed on his motion for relief from judgment, therefore, petitioner had to show that his counsel in the earlier part of this case was "grossly negligent" in not raising actual innocence as a way to avoid the statute of limitations. Petitioner argued that a successful innocence claim could have been based on a claim that his conduct was speech protected under the First Amendment, and that he was factually innocent because the undisputed facts did not constitute an attempt to commit a lewd and lascivious act. The court held that the first of these contentions was a legal claim, not a claim that he is "actually innocent," and thus did not qualify petitioner for the actual innocence gateway, *see Schlup v. Delo*, 513 U.S. 298, 321 (1995) (actual innocence means that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error), and that the second involved no new evidence, but was simply a rehashing of the consequences of facts that had been duly presented to the jury. Because neither of these grounds for an "actual innocence" argument had any merit, the court concluded that counsel was not grossly negligent in failing to raise them. This conclusion is clearly correct, and would not be debatable among jurists of reason. The implied request for a COA will be denied.

## CONCLUSION

Petitioner's motion to reconsider (document number 27 on the docket) is **DENIED**. The request for a certificate of appealability implied from the notice of appeal also is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: December 8, 2009.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.03\BUNYA280.RECON2.wpd